UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERLINE JONES,

        Plaintiff,               Case Number 23-10674

v.                                       Honorable David M. Lawson
                                           Magistrate Judge Curtis Ivy, Jr.

JUANITA BYNUM,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DISMISSING THE CASE WITHOUT PREJUDICE

This matter is before the Court on a report issued by the assigned magistrate judge on November 8, 2023 recommending that the Court dismiss the case without prejudice because the plaintiff has failed to file any certificate of servicing showing that service of the summons and complaint has been completed. The plaintiff has filed objections to the recommendation.

The magistrate judge reported that on June 16, 2023 the plaintiff, who was granted leave to proceed without payment of the full filing fee, was ordered to submit information needed for service of process to be completed by the United States Marshal Service. In that same order, the plaintiff also was ordered to "file with the Court a signed U.S. Postal Service Certified Mail receipt — green card (PS Form 3811) after service is completed, to show proof of service of process." The record shows that the required information was received by the Clerk of Court on June 26, 2023. The Marshal Service acknowledged receipt of the service documents on July 11, 2023. To date, no papers have been filed proving that service of process has been completed.

On September 21, 2023, the magistrate judge ordered the plaintiff to show cause why the case should not be dismissed without prejudice for failure to file the required certificate of service. The plaintiff never filed a response to the show cause order, and on November 8, 2023 the

magistrate judge issued the report recommending that the case be dismissed. The plaintiff filed objections to the recommendation on November 22, 2023.

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987))

The plaintiff's objections to the recommendation of dismissal do not address the failure to file a certificate of service, and the plaintiff offers no explanation for the absence of a certificate of service in the record. Instead, the plaintiff merely asserts that "[i]f the Marshall [sic] served the complaint to [the defendant's address of record]," then the defendant must be presumed to have received it. However, no evidence has been presented to the Court to prove that service was accomplished. The plaintiff's objection therefore is unresponsive to the grounds for dismissal that were set forth in the magistrate judge's recommendation.

Moreover, there was no error in the magistrate judge's recommendation for dismissal, because to date the plaintiff has not submitted the required proof of service, and she has offered no excuse for the failure to file the required proof of service. Under Federal Rule of Civil Procedure 4(m), if defendants are not served within 90 days after the complaint is filed, a court may dismiss the complaint without prejudice on its own motion or order that service be made within a specified time. Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for failure

to effect service of process, a court is required to extend the time for the plaintiff to serve defendants. *Id.*; *see also Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). The plaintiff has the burden to establish good cause for failure to timely effect service. *Habib*, 15 F.3d at 73. The plaintiff was granted ample time to ensure that service was completed, and the U.S. Marshal Service was engaged to accomplish that task for her. However, no proof of service has been filed, despite the passage of more than four months. The plaintiff has offered no explanation for the lapse.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 16) is **ADOPTED**, the plaintiff's objections (ECF No. 18) are **OVERRULED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 30, 2023